**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**MOBILE DIVISION**

| | | |
|---|---|---|
| **DESTINY FOSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | |
| | ) | **1:23-cv-262** |
| | ) | |
| **CBAK, INC. d/b/a McDONALD'S** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

<u>**COMPLAINT**</u>

**I.    <u>INTRODUCTION</u>**

This is an action brought by Destiny Foster against CBAK, Inc., d/b/a McDonald's, for legal and equitable relief to redress gender discrimination and retaliation in violation of Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et <u>seq.,</u> the "Civil Rights Act of 1991". The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000 et <u>seq.</u> providing for injunctive and other relief against sex discrimination and retaliationin employment. Plaintiff seeks injunctive relief, equitable relief, compensatory damages, punitive damages, and requests a trial by jury.

**II.    <u>JURISDICTION</u>**

1.    The jurisdiction of this Court is invoked pursuant to the Act of Congress known as 28 U.S.C. §§1331, 1334(4), 2201 and 2202, 42 U.S.C. §2000e et <u>seq.</u>

2.    The Plaintiff timely filed her charge of sex discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last

discriminatory/retaliatory treatment. The Plaintiff further files this lawsuit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

### III.    PARTIES

3.    Plaintiff, Destiny Foster, is a female citizen of the United States and a resident of the State of Alabama. The Plaintiff was employed by Defendant at times relevant to this lawsuit.

4.    Defendant, CBAK, Inc., d/b/a McDonald's, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq. Defendant employs at least fifteen (15) persons.

### IV.    FACTS

5.    Plaintiff began working for CBAK, Inc. d/b/a McDonald's, in Atmore, AL as a cashier in September 2019.  Her initial employment ended in June 2020.

6.    During Plaintiff's initial employment, she was subjected to sexual harassment by Marcus Ramos, District Manager.

7.    Plaintiff reported the harassment to Shannon Rankins, General Manager, at the time.

8.    Ramos attempted to have Shannon Rankins terminate Plaintiff's employment, but Rankins refused.

9.    Plaintiff's initial employment ended in June 2020. She was rehired in May 2021.

10.    After Plaintiff was rehired, Ramos repeatedly attempted to have various managers terminate her for no reason.

11.    On January 28, 2022, Plaintiff was sick and went to the emergency room.

12.    Plaintiff was pregnant at the time and management knew that she was pregnant.

13.    Plaintiff called into work and reported that she was at the emergency room. Plaintiff also sent text messages to her manager notifying her.

14.    Tameka (LNU), manager, texted Plaintiff and informed her that Ramos said that she had been fired.

15.    Tameka further stated that "she had tried" to not have Ramos fire her.

16.    Tameka then told Plaintiff to get a doctor's excuse.

17.    Plaintiff sent her doctor's excuse to Tameka as requested.

18.    Plaintiff contacted Miranda Holland (GM) and she too told Plaintiff that Ramos said she was to be fired.

19.    Holland further stated she did not know why Plaintiff was being terminated.

20.    Since Plaintiff's rehire and prior to her termination, she had received no discipline or counseling based on job performance or attendance.

21.    Plaintiff has suffered emotional stress, embarrassment, and humiliation as a result of Defendant's conduct.

22.    Defendant's actions were willful, with malice and with reckless disregard.

**V.    CAUSES OF ACTION**

### COUNT I – CLAIMS OF GENDER DISCRIMINATION
### PURSUANT TO TITLE VII

23.    Plaintiff re-alleges and incorporates by reference paragraphs 1-22 with the same force and effect as if fully set out in specific detail hereinbelow.

24.     Plaintiff has been discriminated against on the basis of her sex (pregnancy) in regards to termination as well as other terms, conditions and privileges of employment.

25.     Defendant had no legitimate non-discriminatory reason for its conduct.

26.     Defendant's reason for Plaintiff's termination was pretextual and discriminatory.

27.     Plaintiff was treated differently than similarly situated individuals who were not pregnant.

28.     Plaintiff has suffered emotional stress, embarrassment, and humiliation as a result of Defendant's conduct.

29.     Defendant's actions were willful, with malice and with reckless disregard.

## COUNT II – CLAIMS OF RETALIATION PURSUANT TO TITLE VII

30.     Plaintiff re-alleges and incorporates by reference paragraphs 1-28 with the same force and effect as if fully set out in specific detail hereinbelow.

31.     Plaintiff complained of harassment and gender discrimination which she was subjected to by Marcus Ramos, District Manager.

32.     As a result of Plaintiff's complaints about the harassment, she was terminated.

33.     Plaintiff engaged in protected activity.

34.     Defendant's actions are casually related to Plaintiff's protected activity.   A causal connection exists between the protected activity and Defendant's adverse actions.

35.     Defendant's conduct was pretext for retaliation.

36.     Plaintiff was treated differently than similarly situated individuals who did not complain of discrimination and harassment.

4

37.    Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

38.    Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

## IV.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of the Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq.

B.    Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq.

C.    Enter an order requiring Defendant to make the Plaintiff whole by awarding her the position(s) she would have had occupied in the absence of sex discrimination and/or retaliation, back-pay (plus interest), punitive damages, compensatory damages, and/or nominal damages, declaratory and injunctive relief, and benefits.

D.  The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr. (asb-5324-a61r)
WIGGINS, CHILDS, PANTAZIS,
   FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
rcalamusa@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon the Defendant the following: Summons, Complaint.**

**Defendant's Address:**
CBAK, Inc.
c/o Cynthia Samour, Reg. Agent
8121 B South McKenzie
Foley, AL 36535

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL

6